**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Danon McConnell Pyokopins, | Case No. 2:26-cv-2683-RMG |
| Plaintiff, | |
| v. | |
| | **ORDER AND OPINION** |
| The Partnerships and Unincorporated Associations identified in Schedule A, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Danon McConnell Pyokopins' ("Plaintiff") *Ex Parte* Motion for Entry of a Temporary Restraining Order, Including a Temporary Injunction, Alternative Service, a Temporary Asset Restraint, and Expedited Discovery. (Dkt. No. 5).

## I.   Background

This case arises out of alleged copyright infringement of Plaintiff's unique design by various foreign e-commerce store operators. Plaintiff is the sole owner of the copyright design with Registration Number VA 2-393-688 ("Subject Design"). (Dkt. No 1-1). As part of her business, Plaintiff incorporates Subject Design into the products she offers for sale. (Dkt. No. 1 at 1). On July 6, 2026, Plaintiff filed this action claiming that the Partnerships and Unincorporated Associations identified in Schedule A ("Defendants") are infringing on its Subject Design copyright. *Id.*

Plaintiff claims that Defendants are individuals and business entities who reside primarily in the People's Republic of China or other foreign jurisdictions. *Id.* at 2–3. These Defendants allegedly conduct business in the United States of America by operating interactive commercial websites and online marketplaces. *Id.* On these websites and marketplaces, Defendants are

allegedly selling products containing Subject Design without Plaintiff's permission thereby infringing on her copyright. *Id.*

Plaintiff filed the instant motion seeking (1) to enjoin Defendants from continuing to manufacture, import, distribute, and sell infringing products containing Subject Design; (2) to freeze the assets of Defendants; (3) to authorize expedited discovery; and (4) to authorize service of process by email and publication. (Dkt. No. 5).

## II.    Legal Standard

### A.  *Ex Parte* Temporary Restraining Order

Rule 65 of the Federal Rules of Civil Procedure provides that the Court may issue a Temporary Restraining Order ("TRO") without written or oral notice to the adverse party or its attorney "if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). Rule 65(b) also requires that "the movant's attorney certifies in writing any efforts made to give notice and the reasons why [notice] should not be required." Fed. R. Civ. P. 65(b)(1)(B).

The Court may issue a TRO upon the movant's showing of the four factors also required to warrant a preliminary injunction: (1) the movant's likelihood of success on the merits, (2) whether the movant will face irreparable harm in the absence of preliminary relief, (3) whether the balance of equities favors preliminary relief, and (4) whether injunctive relief is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Moore v. Kempthorne*, 464 F. Supp. 2d 519, 525 (E.D. Va. 2006) ("The standard for granting either a TRO or a preliminary injunction is the same.").

### III.    Discussion

#### A.  Motion for *Ex Parte* Temporary Restraining Order and Asset Restraint

Plaintiff contends *ex parte* injunctive relief is necessary because she claims if Defendants receive notice of this action prior to issuance of a TRO, they will continue the infringing conduct by "register[ing] new e-commerce stores under new aliases and mov[ing] any assets to offshore bank accounts outside the jurisdiction of this Court." (Dkt. No. 5-1 at 3–4). As a result, Plaintiff requests that this Court issue an *ex parte* TRO and asset restraining order to (1) enjoin Defendants from manufacturing, importing, distributing, and selling their alleged-infringing products and (2) freeze assets and accounts used in connection with Defendants' alleged-infringing activities. (*Id.*).

The court may issue a TRO *ex parte* only if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Courts have found *ex parte* injunctive relief appropriate where it is impossible to give notice because the defendant's identity or location are unknown or proceeding *ex parte* is the "sole method of preserving a state of affairs in which the court can provide effective final relief." *Adobe Sys., Inc. v. Ajine*, No. 3:01-CV-00009, 2001 WL 252916, at *3 (W.D. Va. Feb. 12, 2001) (quoting *Adobe Sys., Inc. v. South Sun Products, Inc.*, 187 F.R.D. 636, 640 (S.D. Cal. 1999)).

In support of her request, Plaintiff argues that Defendants are infringing her copyright, Defendants have taken steps to conceal their identities, Defendants can easily continue the infringement by setting up new online stores, Defendants engage in tactics to evade enforcement efforts, and Defendants will syphon their assets into offshore bank accounts. (Dkt. Nos. 5-1 at 3–11). Plaintiff produced the Declaration of Trevor W. Barrett, detailing the need for *ex parte* relief

given the nature of Defendants' businesses, and the Declaration of Danon McConnell Pyokopins, discussing the harm of infringement and need for injunctive relief, in support of its motion. (Dkt. Nos. 5-2, 5-4).

Here Plaintiff fails to demonstrate that *ex parte* injunctive relief is warranted. Plaintiff alleges that Defendants' identities and locations are unknown, and thus *ex parte* injunctive relief is necessary. The Court disagrees. Plaintiff has provided the Court with a list of the alleged infringers. (Dkt. Nos. 1-2, 1-5). Additionally, since this Court is authorizing Plaintiff to conduct limited third-party discovery and alternative service, as discussed below, Plaintiff can provide notice to many of the Defendants. Therefore, *ex parte* injunctive relief is not appropriate. Furthermore, even though Plaintiff contends Defendants will continue or move their infringing operations and syphon funds offshore if given notice of the proceeding prior to entry of a TRO, Plaintiff provides insufficient evidence that these specific Defendants would do so or have done so in the past. *See Epic Tech, LLC v. Raleigh Startup Sols. LLC*, No. 5:23-CV-136-D, 2023 WL 2818708, at *2 (E.D.N.C. Mar. 29, 2023), *report and recommendation adopted*, No. 5:23-CV-136-D, 2023 WL 2816828 (E.D.N.C. Apr. 6, 2023) (denying an *ex parte* TRO where the plaintiff had not sufficiently shown the need to proceed *ex parte* against the alleged trademark and copyright infringers even though many of their identities were unknown); *Millennium Funding, Inc. v. 1701 Mgmt. LLC*, No. 21-CV-20862, 2021 WL 3618227, at *8 (S.D. Fla. Aug. 16, 2021) (denying *ex parte* TRO where "the speculative assertion that Defendants may attempt to [dissipate assets] does not absolve Plaintiffs' responsibility to even attempt to give notice of its Motion for Temporary Restraining Order.") (citation omitted). As such, Plaintiff has not demonstrated that *ex parte* injunctive relief is the sole method to maintain the status quo.

Accordingly, Plaintiff failed to demonstrate that absent issuance of a TRO, immediate and irreparable injury, loss, or damage will result to Plaintiff before Defendants can be heard in opposition, as required by Fed. R. Civ. P. 65(b)(1). Thus, Plaintiff's request for an *ex parte* TRO and asset restraint is **DENIED**.

### B. Motion For Expedited Discovery

Plaintiff argues that expedited discovery is warranted at this stage because otherwise Plaintiff will be unable to discover Defendants' contact or asset information. (Dkt. No. 5-1 at 11–12). To that extent, Plaintiff contends that Defendants provide third-party financial institution and online marketplace platforms and servicers, such as eBay, AliExpress, Alibaba, Amazon, Walmart, and Etsy, with information, such as their email address, that may help effectuate service. (*Id.*; Dkt. Nos. 5-2).

While discovery typically does not begin until the parties have engaged in a Rule 26(f) Conference, Rule 26(f) allows this Court to order discovery at an earlier time. Although the Federal Rules of Civil Procedure are silent as to the proper standard for courts to apply when considering a motion for expedited discovery, "district courts within the Fourth Circuit and elsewhere have applied two different standards, one applying modified preliminary injunction factors and another reasonableness, or good cause test." *Synthes USA, LLC v. Davis*, Civ. A. No. 4:17-cv-2879-RBH, 2017 WL 5972705, at *9 (D.S.C. Dec. 1, 2017) (quoting *ForceX, Inc. v. Tech. Fusion, LLC*, No. 4:11CV88, 2011 WL 2560110, at *5 (E.D. Va. June 27, 2011)) (internal quotation marks omitted).

Here limited discovery is necessary to better ascertain the identities of the Defendants before the suit can progress. *See Burr & Assocs., LLC v. Doe 1*, No. 3:25-CV-01381-JDA, 2025 WL 1029863, at *3 (D.S.C. Apr. 7, 2025) (allowing the plaintiff to conduct discovery to establish the identity of the defendants); *Strike 3 Holdings, LLC v. Doe*, 318 F. Supp. 3d 253, 254 (D.D.C. 2018)

(allowing discovery prior to a scheduling conference because it was necessary before the suit can progress further). Moreover, the requested discovery is limited and targeted at third parties rather than the Defendants. *Compare Humphrey v. Sallie Mae, Inc.*, No. 3:10-CV-01505-JFA, 2010 WL 2522743 (D.S.C. June 17, 2010) (allowing expedited discovery when the defendants had not yet appeared because the plaintiff was seeking information from a third party) *with Yokohama Tire Corp. v. Dealers Tire Supply, Inc.,* 202 F.R.D. 612, 614 (D. Ariz. 2001) (denying expedited discovery on an *ex parte* basis because the defendant had not be served with the motion). As such, the Court finds that limited expedited discovery towards third parties is warranted under either of the two standards for expedited discovery.

Accordingly, the Court **GRANTS IN PART** Plaintiff's request to conduct expedited discovery. Plaintiff may conduct limited, expedited third-party discovery on the identity of Defendants and the online marketplace accounts used by Defendants in connection with the manufacture, import, distribution, and sale of infringing products for the limited purpose of effectuating service. However, the Court **DENIES** Plaintiff's request to the extent that it seeks discovery of the values of Defendants' accounts, financial records, financial institution records, and bank or payment system account information.

### C. Motion for Service of Process by Email and/or Electronic Publication

Plaintiff requests "authorization to serve process by electronically publishing a link to the Complaint, the Temporary Restraining Order, and other relevant documents on a website, and/or the email address associated" with Defendants. (Dkt. No. 5-1 at 12–15). To that extent, Plaintiff asserts that electronic service is appropriate in this case for the following reasons: (1) Defendants have provided false names and physical address information in their online registrations to conceal their locations and avoid liability for their unlawful conduct; (2) Defendants appear to rely

6

primarily on electronic communication to operate their webstores; and (3) Defendants maintain their primary place of business in a foreign county. *Id.*

Federal Rule of Civil Procedure 4(f) authorizes service of process on individuals in a foreign country in one of three ways: "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . or (3) by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f).

Ordinarily, the Hague Convention would govern service of process in this matter, since both the United States and China are signatories. However, the Hague Convention contains an explicit exemption where the address of the foreign party to be served is unknown. Convention Done at the Hague art. 1, Nov. 15, 1965, T.I.A.S. No. 6638, 20 U.S.T. 361 (Feb. 10, 1969) ("This Convention shall not apply where the address of the person to be served with the document is not known."). As such, the Hague Convention does not apply here because Defendants' addresses are unknown.

As to the remaining two options, "Rule 4(f) does not denote any hierarchy or preference of one method of service over another." *Enovative Techs., LLC v. Leor*, 622 F. App'x 212, 214 (4th Cir. 2015) (citation omitted). Instead, the decision to order alternative service of process rests "within the sound discretion of the court." *WhosHere v. Orun*, No. 1:13-CV-00526-AJT, 2014 WL 670817, at *2 (E.D. Va. Feb. 20, 2014). Even if Plaintiff has not yet exhausted the other mechanisms of service, the Court may order a method of service upon Defendants pursuant to Rule 4(f) so long

7

as the method complies with the requirements of constitutional due process and is not prohibited by international agreement. *Id.* at 3.

"In order to fulfill constitutional due process requirements under Rule 4(f)(3), a court must approve a method of service that is 'reasonably calculated under all the circumstances' to give notice to defendant." *Enovative Techs.*, 622 F. App'x at 214 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, (1950)). Courts routinely find that electronic service of process, including email process, complies with these requirements when a plaintiff demonstrates that the defendant will likely receive the email and thus notice of the suit. *See, e.g., DAG Ammo Corp. v. KM Trade d.o.o.*, WL 7933706, at \*1 (E.D. Va. June 4, 2021) (holding that service of process by email was reasonably calculated to provide notice when the parties regularly engaged in electronic business communications); *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2012) (finding service by email proper, in part, because it constituted the method of service most likely to reach the defendant).

Here, Plaintiff alleges that "[d]espite providing false physical addresses, the registrants of the Defendant online selling account must provide an accurate e-mail address so that their service providers may communicate with them regarding issues related to the purchase, transfer, and maintenance of the various accounts." (Dkt. No. 5-1 at 13). Plaintiff also states that online marketplace account operators like Defendants who accept "PayPal, or similar accounts, must provide a valid email address to customers for completing payment." *Id.* Plaintiff therefore argues that service of process by email is more likely to reach Defendants than other service of process methods. *Id.* The Court agrees. Defendants appear to conduct extensive business online. Accordingly, the Court believes that Defendants must maintain methods, such as an email, for customers and online platforms where they sell their products to contact them. Thus, service of

process to the email addresses that Defendants use to conduct their online businesses is likely to provide notice and therefore complies with the requirements of constitutional due process.

Moreover, courts have routinely allowed service by email when facing alleged intellectual property infringement by unknown foreign entities on online marketplaces. *See Li v. Unincorporated Associations Identified in Schedule A*, No. 3:25CV47, 2025 WL 1843721, at *4 (E.D. Va. Feb. 7, 2025) (finding email service appropriate); *Thousand Oaks Barrel Co., LLC v. Partnerships, Companies, & Unincorporated Associations Identified in Schedule a*, No. 1:23-CV-1563, 2023 WL 12117450, at *2 (E.D. Va. Dec. 1, 2023) (ordering service by email on defendants operating internet webstores). Additionally, the Court perceives no other international agreement between China and the United States that prohibits service by email.

Accordingly, the Court **GRANTS IN PART** Plaintiff's request for alternative service. Plaintiff may effectuate service of process by email on the Defendants. But to the extent Plaintiff seeks effectuate service of process by electronically publishing a link to the Complaint and other relevant documents on a website that request is **DENIED**.

## IV.    Conclusion

For the reasons set forth herein, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order, Including a Temporary Injunction, Alternative Service, a Temporary Asset Restraint, and Expedited Discovery (Dkt. No. 5).

**AND IT IS SO ORDERED**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 24, 2026
Charleston, South Carolina